IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40447
Summary Calendar
_____


AARON MARK JONES, a/k/a Gary Don Jones,

                                        Plaintiff-Appellant,

                        versus

MARY CHOATE, Sheriff of Bowie County;
RICK FERGUSON,

                                        Defendants,

U.P. BARRETT; U.P. CAMPBELL; U.P. McCRARY;
T. GILDON,

                                        Defendants-Appellees.



_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(5:93-CV-98)
_____

June 4, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Aaron Mark Jones, proceeding pro se and in forma pauperis,
appeals from a judgment dismissing all of his claims.  Prior to
trial, the district court dismissed as frivolous Jones' claims
against Sheriff Choate and Jail Administrator Ferguson.  After
conducting a bench trial, the district court dismissed Jones'
claims against the remaining defendants.  On appeal, Jones argues

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

that the district court violated his Seventh Amendment right to a jury trial by conducting a bench trial over his objection.

In his complaint, Jones demanded a jury trial. "Although a proper demand for a jury cannot be withdrawn without the consent of all the parties, Fed.R.Civ.P. 39(a), it is a right that can be waived." Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 116 (5th Cir. 1987). However, courts "should 'indulge every reasonable presumption against waiver'" and not find waiver in a "'doubtful situation.'" McAfee v. Martin, 63 F.3d 436, 437 (5th Cir. 1995) (quoting Bowles v. Bennett, 629 F.2d 1092, 1095 (5th Cir. 1980)).

The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). Despite Jones' jury trial demand, the Magistrate Judge entered a scheduling order setting a date for a bench trial. Jones immediately objected to the scheduling order and reasserted his right to a jury trial. The Magistrate Judge proceeded to conduct a bench trial anyway. We cannot tell whether Jones objected at trial since Jones did not timely request a transcript of the proceeding, and neither Jones nor the defendants affirmatively describe what occurred at trial. Under these circumstances, we are not persuaded that Jones waived his Seventh Amendment right to a jury trial.

We VACATE the judgment and REMAND for further proceedings consistent with this opinion.